[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application of review of sentence imposed by the CT Page 2731 Superior Court, Judicial District of Fairfield. Date of Sentence: January, 7, 1994; Date of Application: January 18, 1994; Date Application Filed: January 18, 1994; Date of Decision: February 22, 1999.
Matthew Maddox, Esq. Defense Counsel, for Petitioner.
Robert Brennan, Esq. Assistant States Attorney, for the State.
Sentence Affirmed.
The petitioner entered pleas to four counts of Kidnaping First Degree, C.G.S. 53a-92, three counts of Assault Second Degree, C.G.S. 53a-60, two counts of Robbery First Degree. C.G.S.53a-134(a)(2) and two counts of Burglary First Degree, C.G.S.53a-101. On January 7. 1994, the petitioner was sentenced to an effective sentence of twelve years in prison.
The facts of this case involve a July 23, 1993 entry into two residential apartments for the purpose of committing robbery. The petitioner along with another individual were armed during the commission of these crimes and physically abused the female victims they encountered within the apartments that were entered.
The sentence in this case reflects the legitimate need to incarcerate for extended periods of time those individuals who engage in such violent and terroristic acts.
Not only does this sentence address the need for punishment which the victims of these crimes rightfully demanded, but it also satisfies desire of law abiding citizens that incidents of this nature should be taken seriously by the judicial system and those convicted for these offenses should not be free in the near future to repeat such frightening behavior.
The effective sentence imposed by the court is merely two years more than the mandatory minimum often years that the CT Page 2732 legislature has set for anyone convicted of Kidnaping First Degree.
The petitioner appears to express true remorse and indicates his actions were the result of his use of drugs and alcohol. Unfortunately, individuals who have committed crimes while under the influence can offer no guarantees that if given a lesser sentence they would not return to their former behavior.
This sentence when compared to other offenses of a similar nature, cannot be classified as disproportionate or inappropriate.
This sentence is AFFIRMED.
O'Keefe, Klaczak and Miano, J.s. participated in this decision.